United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DUNCAN FORTIER and JASCAN INVESTMENTS, INC., a Canadian corporation,<br><br>    Plaintiffs,<br><br>  v.<br><br>MORGAN STANLEY DW, INC., a Delaware Corporation, ANTONY GORDON, MARGARET BLACK, and WILLIAM LAPPAS,<br><br>    Defendants. | No. C-06-3715 SC<br><br>ORDER DENYING PLAINTIFFS' MOTION TO VACATE AND GRANTING DEFENDANTS' MOTION TO CONFIRM ARBITRATION AWARD |

**I. INTRODUCTION**

Before the Court are opposing motions concerning NASD Arbitration Award No. 04-00355 (the "Award"). Plaintiffs Duncan Fortier and Jascan Investments, Inc. ("Plaintiffs") move to vacate the Award. Defendants Morgan Stanley DW, Antony Gordon, Margaret Black, and William Lappas ("Defendants" or "Morgan Stanley") move to confirm the Award. For the reasons stated herein, the Court DENIES Plaintiffs' Motion to Vacate and GRANTS Defendants' Motion to Confirm.

**II. BACKGROUND**

The underlying dispute involves shares of an Internet startup which Plaintiffs deposited in a securities account with Morgan Stanley in early 2000. Plaintiffs contend that Defendants

promised to deliver, but failed to implement, a hedging strategy to protect the value of the shares. When the stock market declined in the Spring of 2000, Plaintiffs' investment lost roughly half its original value. See Wallis Decl., Exh. 1. Nearly four years later, on January 20, 2004, Plaintiffs filed their Statement of Claim with the National Association of Securities Dealers ("NASD") alleging that Defendants committed fraud, negligence, breach of contract, and breach of fiduciary duty. See Mot. to Vacate, Exh. A. The arbitration process continued through the Winter of 2006 when arbitrators evaluated Plaintiffs' claims. See Opp'n to Mot. to Vacate, 2-5.

On March 16, 2006, the three-member NASD arbitration panel (the "Panel") signed and served the Award that dismissed Plaintiffs' claims as time-barred. See Mot. to Vacate, Exh. A. After a hearing on Defendants' motion to dismiss, the Panel granted the motion based on its finding that the applicable statute of limitations had run for each of Plaintiffs' legal claims. See id. at 3. On June 9, 2006, Plaintiffs filed their Petition and Application to Vacate the Award. See Mot. to Vacate. Plaintiffs alleged two general grounds for vacatur: (1) the Panel was biased and (2) the Panel exceeded its powers by failing to conduct a full hearing and dismissing the claims with prejudice. Id. at ¶¶ 24, 25, 28. Defendants opposed the motion and subsequently filed their Motion to Confirm, which Plaintiffs opposed. See Mot. to Confirm. In short, Defendants assert that Plaintiffs received a fair hearing and that their claims of arbitrator bias are unsubstantiated. See id.

### III. LEGAL STANDARD

Under the Federal Arbitration Act ("FAA"), federal courts have limited powers to vacate arbitration awards. Judicial review of an arbitration award is "both limited and highly deferential." Sheet Metal Workers' Int'l Ass'n Local 359 v. Madison Indus., Inc., 84 F.3d 1186, 1190 (9th Cir. 1996). The FAA states that district courts may overturn an award under four conditions:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10(a).

Under section 9 of the FAA, a district court must confirm the award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11." 9 U.S.C. § 9. The Ninth Circuit has interpreted sections 9 and 10 narrowly, but has indicated that vacatur is appropriate under subsection 10(a)(4) when there has been a manifest disregard for law or the award is completely irrational. See Lapine Tech. Corp. v. Kyocera Corp., 130 F.3d 884, 888 (9th Cir. 1997) ("It is beyond peradventure that . . . a federal court may vacate or modify an arbitration award only if that award is 'completely irrational,' exhibits a 'manifest disregard of law,' or otherwise falls within one of the grounds set forth in 9 U.S.C. §§ 10 or 11."). Confirmation of an

award is required even in the face of incorrect interpretations of law.  "It is not even enough that the Panel may have failed to understand or apply the law." French v. Merrill Lynch, 784 F.2d 902, 906 (9th Cir. 1986).

**IV. ANALYSIS**

**1. Arbitrator Bias**

The party challenging an arbitration award has the burden of showing partiality by establishing "specific facts which indicate improper motives on the part of the Board.  The appearance of impropriety, standing alone, is insufficient." Sheet Metal Workers Int'l Ass'n Local 420 v. Kinney Air Conditioning Co., 756 F.2d 742, 746 (9th Cir. 1985).  In this case, Plaintiffs bear the burden because they allege that each of the three arbitrators demonstrated bias by failing to disclose prior arbitration decisions. See Mot. to Vacate at ¶¶ 21-23.

In evaluating these claims, the FAA provides that the court may vacate an arbitration award "where there was evident partiality or corruption in the arbitrators." 9 U.S.C. § 10(a)(2).  In non-disclosure cases such as this, vacatur is appropriate where the arbitrator's failure to disclose information gives the impression of bias in favor of one party. See Commonwealth Coatings Corp. v. Continental Casualty Co., 393 U.S. 145, 150 (1968) (holding that the reasonable impression of bias is sufficient to vacate an award pursuant to 9 U.S.C. § 10(a)(2)); Schmitz v. Zilveti, 20 F.3d 1043, 1047 (9th Cir. 1994) (stating that the standard for determining evident partiality in non-disclosure cases is whether there is a "reasonable impression of

4

1  partiality"). This standard is used because "[t]he parties can
2  choose their arbitrators intelligently only when facts showing
3  potential partiality are disclosed." Id. Whether the Panel's
4  actual decision is faulty is not necessarily relevant. Id.

5  Plaintiffs claim that arbitrator Stanford Hirata failed to
6  disclose that he arbitrated another case involving Defendant
7  Morgan Stanley. See Mot. to Vacate at ¶ 21. This argument fails
8  for two reasons. First, the information was disclosed to the
9  parties in a letter from the NASD Senior Arbitration Administrator
10 on July 15, 2005. See Wallis Decl., Exh. 11. The letter stated
11 that the other Morgan Stanley case was scheduled for hearing in
12 December 2005 and that Mr. Hirata believed it would not affect his
13 ability to be impartial in this case. Id. Plaintiffs later
14 acknowledged this fact in their Opposition to Defendants' Motion
15 to Confirm. See Pls.' Opp'n to Mot. to Confirm, 12. Thus, from
16 July 15, 2005 onward Plaintiffs were aware of the other case but
17 chose not to challenge and disqualify Mr. Hirata under NASD Rule
18 10308(d). Plaintiffs' actual knowledge of the potential conflict
19 waives their objection. See Fidelity Federal Bank, FSB v. Durga
20 Ma Corp., 386 F.3d 1306, 1313 (9th Cir. 2004). Second, Mr.
21 Hirata's arbitration of another Morgan Stanley case does not
22 create a reasonable impression of partiality. By arbitrating the
23 prior case, Mr. Hirata did not acquire a relationship to the
24 company that impugned his ability to be impartial in this case.
25 See e.g., International Produce, Inc. v. A/S Rosshavet, 638 F.2d
26 548, 551-52 (2d Cir. 1981) (explaining that prior exposure to a

5

party does not necessarily show bias). Thus, Plaintiffs have failed to show that Mr. Hirata was a biased arbitrator.

Plaintiffs also claim that arbitrator Kathryn Toronto failed to disclose the December 2005 arbitration of <u>Taylor v. Banc of America Investment Services</u>, NASD no. 04-08301. <u>See</u> Mot. to Vacate at ¶ 22. Plaintiffs assert that non-disclosure of an award which granted a motion to dismiss in favor of the NASD firm demonstrates bias. <u>Id</u>. On the contrary, the <u>Taylor</u> award bears no relationship to this case: it involved different parties and different issues. Furthermore, NASD Rules did not require arbitrator Toronto to disclose her participation in the <u>Taylor</u> case because it did not create any potential conflict of interest. <u>See</u> NASD Code of Arbitration Procedure § 10312(a) (describing the direct personal and financial interests and relationships that mandate disclosure). Thus, Plaintiffs have failed to show that Ms. Toronto's non-disclosure demonstrates a reasonable impression of partiality.

Plaintiffs also claim that arbitrator Mario Barsotti failed to disclose that he had arbitrated cases for the Pacific Stock Exchange, specifically the 1995 case of <u>Turney v. Prudential Securities</u>, Pacific Stock Exchange no. 03173. <u>See</u> Mot. to Vacate at ¶ 23. The <u>Turney</u> award was issued nearly ten years prior to the filing of Plaintiffs' case. Moreover, it did not involve any of the same issues or parties as the present case. As Justice White wrote, an arbitrator "cannot be expected to provide the parties with his complete and unexpurgated business biography." <u>Commonwealth Coatings</u>, 393 U.S. at 151 (White, J., concurring).

6

The non-disclosure of an old and unrelated arbitration fails to create any reasonable impression of bias with respect to Arbitrator Barsotti.

Plaintiffs have failed to carry their burden under 9 U.S.C. § 10(a)(2) because they have been unable demonstrate any reasonable impression of bias on the part of any of the arbitrators. Further discovery on this issue is unnecessary as Plaintiffs have had ample opportunity to examine the arbitrators' prior rulings.

**2. Arbitrator Powers**

Under section 10 of the FAA, an award may be vacated if the arbitrators exceeded their powers. 9 U.S.C. § 10(4). Plaintiffs assert that the Panel exceeded its powers by failing to hold an appropriate hearing and by dismissing the case with prejudice. See Mot. to Vacate at ¶ 25-28.

Contrary to Plaintiffs' assertions, the Panel held sufficient hearings. On February 24, 2006, both parties submitted Hearing Briefs in anticipation of the commencement of arbitration proceedings. See Wallis Decl., Exh. 14, 15. The hearing was then held in San Francisco on March 7 and March 8, 2006. See Wallis Decl. at ¶ 16. At the outset, Defendants moved to dismiss the case asserting that the statute of limitations had expired. Id. Over the course of two days, the parties argued the motion, Plaintiff Fortier testified, Plaintiffs submitted an additional brief on the issue, and the matter was submitted for decision. Id. at ¶ 17-28. Plaintiffs do not dispute that this hearing was held on the statute of limitations issue. Instead, they argue

7

that the Panel should have also allowed a full hearing on their substantive claims. See Pls.' Opp'n to Mot. to Confirm at 16.

Under NASD regulations, any case requires a hearing unless the parties waive their right, though the components of a "hearing" are not specified. See NASD Code of Arbitration Procedure ("NASD Code") § 10303(a). Section 10324 states that "arbitrators shall be empowered to interpret and determine the applicability of all provisions under this Code...." The Supreme Court has stated that courts should defer to the arbitrators' interpretation of procedural rules because "NASD arbitrators, comparatively more expert about the meaning of their own rule, are comparatively better able to interpret and to apply it." Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 85 (2002). Viewed in this deferential light, the hearings and procedures that the Panel employed to decide Plaintiffs' claims were sufficient.

Section 10305 of the NASD Code allows the Panel to dismiss a case with or without prejudice based on its evaluation of the case and the parties' behavior. In this case, the Panel determined that Plaintiffs' claims were time-barred and dismissed the case with prejudice. See Mot to Vacate, Exh. A at 3. The Ninth Circuit has held that procedural issues are "part of the bundle of issues committed to decision by the arbitrator." Sheet Metal Workers 420, 756 F.2d at 744; see also Toyota of Berkeley v. Auto. Salesmen's Union, Local 1095, 834 F.2d 751, 754 (9th Cir. 1987) ("[P]rocedural questions related to substantive issues that are arbitrable under the agreement are for the arbitrator to decide in the absence of a contrary provision."). When dismissing the case,

8

the Panel interpreted the NASD Code of Arbitration Procedure and decided that a dismissal with prejudice was appropriate in light of the circumstances. The Panel's actions were within their broad procedural powers under the NASD Code. Thus, the Panel's decision to hold a hearing on Defendants' motion and dismiss the case with prejudice is not a basis for vacating the Award under section 10(a)(4) of the FAA.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Vacate the Arbitration Award is DENIED and Defendants' Motion to Confirm the Arbitration Award is GRANTED. The Award is hereby CONFIRMED.

IT IS SO ORDERED.

Dated: October 23, 2006

UNITED STATES DISTRICT JUDGE

9